UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH F. GELBAND, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL NO. 09-128-P-H |
| ) | |
| OFFICER DANNY HONDO, ET AL., ) | |
| ) | |
| DEFENDANTS ) | |

DECISION AND ORDER ON PLAINTIFF'S
MOTION TO RECONSIDER

The motion to reconsider is **DENIED**.

As to Detective Bailey, all the conduct of which the plaintiff accuses her occurred *after* the allegedly wrongful arrest by other officers. If Bailey's post-arrest conduct[1] was wrongful as the plaintiff alleges, it would amount to a form of malicious prosecution. But he insists that he is *not* making a malicious prosecution or substantive due process claim, and that he is making *only* a Fourth Amendment claim under 42 U.S.C. § 1983. Reply to Defs.' First and Second Mots. to Dismiss and Associated Mem. at 3 (Docket Item 15) ("[N]o part of the Amended Complaint in this action is based on a claim of either malicious prosecution or substantive due process. . . ."). That statement is consistent with his continuing reliance on (he calls it "eerily familiar") Kuehl v. Burtis, 173 F.3d

---

[1] The plaintiff accuses Detective Bailey of not investigating his wounds or the assertedly false reports by other officers soon after the arrest; and he says that she committed perjury and suborned perjury at the grand jury proceeding couple of months later, and then filed her own false
*(continued on next page)*

646 (8th Cir. 1999).  That case involved a wrongful *arrest*, not conduct that occurred after the arrest.  While the Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983," it has recognized that a constitutional tort under § 1983 cannot go forward where a plaintiff "abandoned a state-law malicious-prosecution claim in the District Court, and stated, in his opposition to respondents' first motion for summary judgment, that 'Plaintiff does not seek to raise . . . a malicious prosecution claim under § 1983.'"  Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007) (citations omitted).  That is exactly the situation here, and as a result, the Magistrate Judge properly dismissed the complaint against Detective Bailey.

With respect to the City of Portland, the plaintiff now asserts that a June 2004 Department of Justice letter, which the defendant referred to in its response to plaintiff's objection to the Recommended Decision, Response of the City of Portland and Maryanne Bailey to Pl.'s Objection to Recommended Dec. at 3 (Docket Item 26), is a newly discovered fact and warrants reconsideration of the Magistrate Judge's decision to dismiss the claim against the City.  Neither Department of Justice letter—March 21, 2003 or June 2004—was mentioned by the plaintiff in his Complaint.  In addition, there is no evidence in the record that the June 2004 letter is in any manner relevant to the plaintiff's allegations in this case.  Therefore, the Magistrate Judge properly dismissed the claim against the City of Portland.

---

report thereafter.

**SO ORDERED.**

**DATED THIS 28TH DAY OF SEPTEMBER, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3